# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TYNISHA LATRICE REINERIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 16-CV-W-1160-FJG |
| | ) |
| THE BANK OF NEW YORK MELLON f/k/a | ) |
| THE BANK OF NEW YORK, SOUTH | ) |
| & ASSOCIATES, P.C., and BANK OF | ) |
| AMERICA, N.A., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for a Case Management Conference (Doc. # 6), plaintiff's Motion to Remand (Doc. # 7), SouthLaw, P.C.'s Motion to Dismiss (Doc. # 11), plaintiff's Motion for Judicial Notice (Doc. # 14), plaintiff's Motion for Default Judgment (Doc. # 16), plaintiff's Motion for Contempt Against SouthLaw P.C. (Doc. # 18), Bank of America N.A., CWABS, Inc., Countrywide Financial Corporation and Countrywide Home Loans, Inc.'s Motion to Dismiss (Doc. # 21), ), Bank of America N.A., CWABS, Inc., Countrywide Financial Corporation and Countrywide Home Loans, Inc.'s Motion to Strike Plaintiff's Motion for Judicial Notice (Doc. # 23), plaintiff's Motion for Extension of Time to File Response to Motion to Dismiss (Doc. # 26), plaintiff's Motion for Contempt Against Bank of New York Mellon (Doc. # 33), Bank of America N.A., CWABS, Inc., Countrywide Financial Corporation and Countrywide Home Loans, Inc., SouthLaw, P.C.'s Motion to Stay Discovery (Doc. # 41), Bank of America N.A.,

CWABS, Inc., Countrywide Financial Corporation and Countrywide Home Loans, Inc., SouthLaw, P.C.'s Motion for Protective Order (Doc. # 44), Bank of New York Mellon's Motion to Dismiss (Doc. # 49), plaintiff's Motion for Protective Order (Doc. # 53), SouthLaw, P.C.'s Motion for Extension of Time to File Response (Doc. # 64) and plaintiff's Motion for Leave to Amend (Doc. # 69).

## I. BACKGROUND

On February 15, 2005, plaintiff signed a promissory note and deed of trust to Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender to refinance property located at 13128 Ashland Avenue, Grandview, Missouri 64030. (Amended Petition, ¶¶ 2, 5). On February 13, 2012, Countrywide Financial Corporation, Countrywide Home Loans, Inc. and CWABS, Inc. authorized Mortgage Electronic Registration Systems, Inc., to assign the Deed of Trust on the property to The Bank of New York Mellon. (Amended Petition, ¶ 10). Non-judicial foreclosure of the property occurred on December 4, 2014. (Amended Petition ¶ 16). On December 16, 2014, plaintiff filed a petition in Jackson County Circuit Court to enjoin the foreclosure of the property. Defendants BONY and BANA removed the case to this Court on March 5, 2015. On December 30, 2015, the Court dismissed plaintiff's amended petition finding that plaintiff had failed to state any claims against the defendants. On August 26, 2016, the Eighth Circuit affirmed this Court's dismissal. Thirteen days later, on September 8, 2016, plaintiff filed her second petition in Jackson County Circuit Court. In her initial petition, plaintiff named only the Countrywide entities. On October 11, 2016, plaintiff filed an Amended Petition, adding as defendants, Bank of New York, Bank of America, and SouthLaw, P.C. Defendants removed plaintiff's second petition to this Court on October

28, 2016.

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

## III. DISCUSSION

All of the defendants have filed Motions to Dismiss asserting that plaintiff's amended petition is barred by the doctrine of res judicata or claim preclusion. As the Court finds that these motions are dispositive, they will be addressed first[1].

**A. Res Judicata**

*Res judicata,* a Latin phrase meaning "a thing adjudicated", prohibits a party from bringing a previously litigated claim. Chesterfield Village, Inc. v.

---

[1] Defendant Bank of New York Mellon (f/k/a The Bank of New York) joined in the Motion to Dismiss filed by Bank of America, N.A., Countrywide Financial Corporation, CWABS, Inc. and Countrywide Home Loans, Inc. Defendant Southlaw P.C.'s Motion to Dismiss is also based on the doctrine of re judicata, so the Court will incorporate South's arguments when applicable.

> City of Chesterfield, 64 S.W.3d 315, 318 (Mo. banc 2002). The modern term is "claim preclusion." Id. Claim preclusion also precludes a litigant from bringing, in a subsequent lawsuit, claims that *should* have been brought in the first suit. Id. As such, the doctrine applies to "every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." King General Contractors, Inc., 821 S.W.2d 495, 501 (Mo. banc 1991).
>
> Improper splitting of claims occurs when a party sues on a claim which arises out of the same "act, contract or transaction" as the previously litigated claims. Id. A court should also consider "whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions." Grue v. Hensley, 357 Mo. 592, 210 S.W.2d 7,10 (1948). If the claim does arise out of the same "act, contract or transaction", the claim is barred by the original judgment under the doctrine of claim preclusion. Chesterfield Village, Inc. at 319. The rule against splitting a claim for relief serves to "prevent a multiplicity of suits and appeals with respect to a single cause of action, and is designed to protect defendants against fragmented litigation, which is vexatious and costly." Bagsby v. Gehres, 139 S.W.3d 611, 615 (Mo.App. 2004).

Kesterson v. State Farm Fire & Cas. Co., 242 S.W.3d 712, 715-16 (Mo. banc 2008).

In Citimortgage, Inc. v. Chicago Bancorp, Inc., No. 4:14-CV-01278-AGF, 2015 WL 631365 (E.D.Mo. Feb. 12, 2015), the court stated, "[i]n diversity cases such as this, 'federal law incorporates the rules of preclusion applied by the State in which the rendering court sits.' Welk v. Fed.Nat. Mortgage Ass'n., 561 Fed.App'x 577, 579 (8th Cir.2014)(citing Taylor v. Sturgell, 553 U.S. 880, 891 n.4 (2008))." Id. at *4. The Court noted that "[u]nder Missouri law, '[i]mproper splitting of claims occurs when a party sues on a claim which arises out of the same 'act, contract or transaction' as the previously litigated claims.'" Id. at *4 (quoting Kesterson, 242 S.W.3d at 716).

In order to determine whether res judicata applies to a subsequent suit, four identities must be present: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality

4

of the person for or against whom the claim is made." Roy v. MBW Construction, Inc., 489 S.W.3d 299, 304 (Mo.App.2016)(citing King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints, 821 S.W.2d 495, 501 (Mo. banc 1991)).

### 1. Identity of Thing Sued For

"The first factor is whether the identity of the 'thing sued for' in the prior proceedings is the same as the thing sued for in the subsequent proceeding." Xiaoyan Gu v. Da Hua Hu, 447 S.W.3d 680, 689 (Mo.App.2014). In her first action, plaintiff was seeking to have the non-judicial foreclosure set aside and also sought money damages. (Amended Complaint Case No. 15-161, ¶ 1). In the second action, plaintiff also seeks set aside of the foreclosure and money damages (Amended Petition Case No. 16-1160, ¶ 1). So, this identity is easily satisfied.

### 2. Identity of the Cause of Action

In Xiaoyan Gu, the Court stated "[i]t is not necessary that the causes of action be identical, but the claims must have arisen out of the 'same act, contract, or transaction.'" Id. at 690 (quoting Chesterfield Village Inc., 64 S.W.3d at 318-19). "As such, the focus is on the "factual bases of the claims, not the legal theories." Id. (quoting Chesterfield Village, Inc., 64 S.W.3d at 319). In the instant case, both of plaintiff's petitions arise out of the foreclosure of her property. In her first petition, plaintiff asserted causes of action against the defendants for declaratory judgment, wrongful foreclosure, abuse of process, defamation and negligent misrepresentation. (Amended Petition, Case No. 15-161, Doc. # 15). In her second petition, plaintiff is asserting causes of action against the defendants for wrongful foreclosure, abuse of process, defamation and various types of fraud, such as: telecommunications fraud, mail fraud, constructive fraud, fraud

5

by inducement, insurance fraud, securities fraud, etc.). However, regardless of how plaintiff couches her claims, all of these claims relate to her original allegation that the Bank of New York lacked "legal authority or rights to sue for non-judicial foreclosure as a Noteholder" due to alleged defects in the securitization process. Plaintiff's only new theory is that the trust that held the Note during the transfer process did not qualify as a "statutory trust" under Delaware law. However, regardless of how the claims are couched, "[s]o long as the underlying facts are the same, *res judicata* bars re-litigation of the matter whether upon the same or different cause of action, claim, demand, ground or theory." State ex rel. City of Blue Springs, Missouri v. Schieber, 343 S.W.3d 686, 689 (Mo.App. 2011)(internal citations and quotations omitted).

In Jordan v. Kansas City, 929 S.W.2d 882 (Mo.App. 1996), the Court stated:

> In order to have identity of the cause of action, the actions do not have to be identical, but the claims must have arisen out of the "same act, contract or transaction." Andes [v.Paden, Welch, Martin & Albano, P.C.] 897 S.W. 2d at 23. The term "transaction" is to be broadly construed and includes "all of the facts and circumstances which constitute the foundation of a claim." Id. The doctrine of *res judicata* "applies not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, **but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time**." King Gen. Contractors, Inc., 821 S.W.2d at 501 (emphasis added). Stated another way, "a party may not litigate an issue and then, upon an adverse verdict, revive the claim on cumulative grounds which could have been brought before the court in the first proceeding." Id.

Id. at 886-887.

Bank of America argues that although plaintiff asserts some new claims, the *factual* basis for the claims is the same – that there were defects in the securitization process when the Note was transferred. Bank of America states that plaintiff's "statutory trust" argument could have been raised in the previous case. However, because it is

6

simply a re-casting of her previous claims, Bank of America argues that there is an identity of the causes of action. In opposition, plaintiff states that this is purely a fraud case. Plaintiff then launches into an extensive discussion of her case and her clams against the defendants, but she provides no legal authority or explanation as to why the doctrine of res judicata does not apply to her second petition. Thus, the Court finds that because all of the claims in plaintiff's second petition arise out of the same "act, contract or transaction," as in the first petition, there is an identity of the causes of action.

### 3. Identity of the Parties

"The third factor is whether the identity of the person and parties in the prior adjudication is the same as the identity of the person and parties in the subsequent action." Xiaoyan Gu, 447 S.W.3d at 690.

> As noted, res judicata applies to the parties and their privies, meaning that the party in the instant action need not have actually been a party in the prior action. . . .For privity to exist, as to satisfy the same party identity, the interests of the party and non-party must be so closely intertwined that the non-party can fairly be considered to have had his or her day in court.

Id. at 690-91 (internal citations and quotations omitted).

In her first petition, plaintiff named as defendants: Bank of New York Mellon ("Bank of New York"), South & Associates, P.C., Bank of America, N.A. and Corelogic[2]. In her second petition, plaintiff named as defendants; Countrywide Financial Corporation "and its subsidiaries", Countrywide Home Loans, Inc., CWABS, Inc., and Bank of America , N.A., Bank of New York Mellon and SouthLaw, P.C.

Bank of America states that it and all of the Countrywide defendants are subsidiaries of Bank of America Corporation and thus have the same interest as in the

---

[2] Corelogic was voluntarily dismissed from the first suit.

previous suit. Plaintiff attempts to distinguish SouthLaw, by arguing that in the first action she sued South the law firm and in her second action she is suing South acting in its capacity as a trustee. However, South states that plaintiff's allegations concerning it are not true. In the first action, plaintiff sued South based on its conduct as a trustee in the foreclosure of her property. Thus, because the Countrywide defendants are subsidiaries of Bank of America and because plaintiff is suing SouthLaw in the same capacity as she did in the first suit, the Court finds the third identity is satisfied as the parties in the two actions are the same.

### 4. Identity of the Quality of the Person For or Against Whom the Claim is Made

The fourth identity exists where "[d]efendants are identical, both in identity and in their quality, character and capacity." Palmore v.City of Pacific, 393 S.W.3d 657, 667 (Mo.App. 2013). See also Jordan v. Kansas City, 929 S.W.2d at 887(Identity present when the status of the defendant is the same in both suits). As discussed above, plaintiff attempts to argue that South's capacity is different in the two suits, but the Court finds this argument unavailing. Plaintiff's claims against South both in the first and in the second suit were based on its status as a trustee. There is no argument that the status of the other defendants was different in the two actions. Thus, the Court finds that the fourth identity is also met.

Having determined that all of the four identities exist, and that plaintiff could have raised her theory, that the trust that held the Note during the transfer process did not qualify as a "statutory trust" under Delaware law, in the prior action, the Court finds that the doctrine of res judicata applies and bars all of the claims raised in plaintiff's second petition. Accordingly, the Court hereby **GRANTS** defendants' Motions to Dismiss

(Docs. # 11, 21 and 49).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** defendants' Motions to Dismiss (Docs. # 11, 21 and 49) and **DENIES AS MOOT** plaintiff's Motion for a Case Management Conference (Doc. # 6), plaintiff's Motion to Remand (Doc. # 7), plaintiff's Motion for Judicial Notice (Doc. # 14), plaintiff's Motion for Default Judgment (Doc. # 16), plaintiff's Motion for Contempt Against SouthLaw P.C. (Doc. # 18), Bank of America N.A., CWABS, Inc., Countrywide Financial Corporation and Countrywide Home Loans, Inc.'s Motion to Strike Plaintiff's Motion for Judicial Notice (Doc. # 23), plaintiff's Motion for Extension of Time to File Response to Motion to Dismiss (Doc. # 26), plaintiff's Motion for Contempt Against Bank of New York Mellon (Doc. # 33), Bank of America N.A., CWABS, Inc., Countrywide Financial Corporation and Countrywide Home Loans, Inc., SouthLaw, P.C.'s Motion to Stay Discovery (Doc. # 41), Bank of America N.A., CWABS, Inc., Countrywide Financial Corporation and Countrywide Home Loans, Inc., SouthLaw, P.C.'s Motion for Protective Order (Doc. # 44), plaintiff's Motion for Protective Order (Doc. # 53), SouthLaw, P.C.'s Motion for Extension of Time to File Response (Doc. # 64) and plaintiff's Motion for Leave to Amend (Doc. # 69).

Date: <u>September 20, 2017</u>     **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                         United States District Judge